UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FOREST JACOB SHIELDS,<br><br>Defendant. | NO. 2:16-CR-00012-JLQ<br><br>MEMORANDUM OPINION; ORDER REJECTING PLEA AGREEMENT; SETTING TRIAL AND PRETRIAL DEADLINES; DECLARING EXCLUDABLE TIME<br><br>**\*\*\* USM ACTION REQUIRED \*\*\*** |

On July 18, 2016, the court held a hearing pursuant to Fed. R. Crim. P. 11(c)(3) for consideration of the acceptance or rejection of the Fed.R.Crim.P. 11(c)(1)(C) Plea Agreement submitted for the court's consideration at the time of the entry of the Defendant's pleas of guilty to Count I and Count III of the Indictment dated January 20, 2016. Defendant was present in custody represented by Andrea George of the Federal Defenders of Eastern Washington and Idaho. Assistant United States Attorney Caitlin Baunsgard appeared for the Government. This Order memorializes and supplements the court's oral rulings.

The Indictment charged the Defendant with Possession with Intent to Distribute 50 Grams or More of Pure Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and Possession of a Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c). Defendant pled guilty on May 25, 2016, pursuant to a Fed.R.Crim.P. 11(c)(1)(C) Plea Agreement. The court accepted the guilty pleas but reserved ruling on the acceptance

ORDER - 1

or rejection of the Plea Agreement until after a review of the Presentence Report. *See* Fed.R.Crim.P. 11(c)(3)(A). The Plea Agreement allowed the Defendant to withdraw his pleas of guilty if the court rejected the Plea Agreement or imposed sentences totaling more than 204 months of confinement, being 144 months on Count 1 and a mandatory minimum consecutive sentence of 60 months on Count 3.

On July 6, 2016, the court held a reported telephone conference with counsel and United States Probation Officer Kennicutt in which the court alerted counsel to its doubts as to the acceptance of the Plea Agreement. The court pointed out the Plea Agreement provided for a sentence on Count 1 of 144 months, less than the Guideline Range of 151-188 months. The recommendation of the Probation Officer was for a sentence of 188 months on Count 1 plus the additional 60 month mandatory sentence on Count 3 stipulated to in the Plea Agreement for a total sentence of 248 months. Without the Plea Agreement, the Defendant was subject to a sentence of mandatory life imprisonment without parole pursuant to 21 U.S.C. § 841(b)(1)(A) by reason of the Defendant having been previously convicted of two felony drug offenses. The Plea Agreement in paragraph 7(b) provided for withdrawal of the §851 Informations alleging the prior drug convictions. Those withdrawals, in and of themselves, were not the basis for the court's rejection of the Plea Agreement, but the below-Guidelines Range prison sentences even after the withdrawal of the § 851 Informations caused the court to conclude that such a resolution was unreasonable and one the court should not accept.

The Presentence Report concluded the Defendant's Criminal History points totaled 32, some two and one-half times the Criminal History points of 13 required to place him in the highest Criminal History Category VI. Besides the drug convictions, the Defendant's criminal history includes assaults, numerous attempts to evade police vehicles, and a pending murder charge. The Defendant admittedly shot another person involved in a drug transaction, although the Defendant, through counsel, has alleged the

ORDER - 2

shot was fired in self-defense. The murder charge was the basis for the issuance of the warrant which led to the arrest and the instant charges against the Defendant. At a minimum, at the time of that shooting the Defendant was armed with a firearm in connection with another proposed felony drug transaction. As stated by the court at the July 18, 2016 hearing, the Probation Officer concluded the Defendant has been incarcerated in Washington State institutions seven different times. The Defendant committed new offenses on an average of 66 days after each release. The longest period between the Defendant's release from custody and his rearrest was 120 days.

At the July 6, 2016, telephonic conference, counsel stated their positions as to why the court should accept the Plea Agreement. The court advised counsel they would be given, and were given, further opportunity to argue the matter on July 18, 2016.

It is within the court's discretion to accept or reject a Plea Agreement. *In re Morgan*, 506 F.3d 705, 709 (9th Cir. 2007). "[A] district court properly exercises its discretion when it rejects a plea agreement calling for a sentence the court believes 'is too lenient or otherwise not in the public interest' in light of the factual circumstances specific to the case." *Id*. at 712 (quoting in part *Ellis v. United States District Court*, 356 F.3d 1198, 1209 (9th Cir. 2004) (en banc)). If the court chooses to reject the Plea Agreement, it must do so in whole, rejecting the entire Plea Agreement rather than in a "piecemeal" manner. *Id.* at 708-09.

The court considered the unique and specific factual circumstances of this case, including the Defendant's lack of parental guidance. The court considered the factors set forth in 18 U.S.C. § 3553(a). The Defendant's criminal history speaks for a long prison sentence, certainly above the low end of the Guidelines, assuming the previously filed § 851 prior drug conviction Informations mandating life imprisonment were withdrawn by the Government. The court rejected the Plea Agreement *en toto*. This court certainly has

ORDER - 3

no categorical policy for or against Fed.R.Crim.P. 11(c)(1)(C) Plea Agreements and has accepted most of the proffered 11(c)(1)(C) Agreements in cases assigned to this court.

Counsel for the Defendant argued the court should consider the sentence imposed by it in *U.S. v. McQueen*, No. 14-CR-00031-JLQ, as being a comparable circumstance. While the court is not bound to impose the same sentence in one case as in another, it is the policy of this court to avoid "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §3553(a)(6). The court reviewed the offense conduct, criminal history, and sentence in the *McQueen* matter. The *McQueen* case Criminal History and Guideline Range is in contrast to that herein. The court in *McQueen* found the true Criminal History to be a Category VI as opposed to the calculated Category IV which left a new Guideline Range of 77-96 months. The court in *McQueen* imposed a sentence of 180 months on the one pending drug charge, contrary to the 144 months on Count 1 proposed in the Plea Agreement in the matter *sub judice*.

The court was concerned by Defendant's extensive criminal history, including the four convictions for attempting to elude police officers and other violent offenses. The Defendant's 32 criminal history points are among the highest this court has encountered. Even if the eluding police officer offenses were not legally considered "crimes of violence" as interpreted by the Supreme Court under the Armed Career Criminal Act, such offenses, in fact, included high risks to police officers and innocent civilians. Although Defendant's criminal history includes other violent offenses committed as a juvenile, the court has only considered the adult offenses in determining acceptance or rejection of the Plea Agreement.

Defendant's final Offense Level for Count I is 29 with a Criminal History Category VI. Besides dismissal of the two mandatory life imprisonment § 851 Informations, the Plea Agreement calls for a below-Guidelines sentence of 144 months on Count I with the

ORDER - 4

mandatory 60 months on Count III served consecutively. In light of the extensive criminal history, the facts concerning the instant offense, the dismissal of the pending § 851 Informations, and the combined sentencing Guideline Range of 211-248 months on the two counts, the court found the below-Guideline 204 months sentence insufficient to fulfill the directions of § 3553(a) including appropriate punishment, deterrent to the Defendant, deterrent to others, and protection of the public.

Pursuant to Fed.R.Crim.P. 11(c)(5), the court, on July 18, 2016, informed the parties of its rejection of the Plea Agreement. The court previously advised counsel for the Defendant to be prepared to state whether he wished to withdraw from his plea of guilty if the court rejected the plea agreement. *See* (ECF No. 54). At the hearing, the court advised the Defendant of the option to not continue with his guilty pleas, and further advised him that if he proceeded with a plea of guilty, the court might dispose of his case less favorably than the Plea Agreement specified.

Counsel for the Defendant stated he moved to withdraw from the guilty plea. In light of his withdrawal, the court discussed dates with counsel to set this matter for prompt trial. The court also discussed the status of discovery and pretrial motions, including Defendant's Status Report, Request for Discovery, and Motion for Brady Material (ECF No. 37) to which the Government has not yet responded.

**IT IS HEREBY ORDERED**:

1. The Plea Agreement (ECF 43) is **REJECTED** *en toto*.
2. All pretrial motions, including motions in limine and *Daubert* motions, shall be filed **promptly** when the basis therefore exists and no later than **September 2, 2016**. Any response to a pretrial motion shall be served and filed in accordance with Local Rule 7.1, and no later than **September 9, 2016**.

ORDER - 5

3. Requested jury instructions, requested jury *voir dire*, and trial briefs shall be served and filed on or before **September 16, 2016**.

4. All unresolved pretrial motions will be heard at the Pretrial Conference on **Monday, September 26, 2016, at 9:00 a.m.**

5. Jury trial of this matter shall commence on **Monday, October 3, 2016, at 9:00 a.m.** in Spokane, Washington.

6. **<u>The dates set forth above are firm dates. Any request for continuance will not be granted absent a showing of good cause and exceptional circumstances</u>**.

7. The court hereby declares excludable pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(G), the period from **May 24, 2016**, the date the court received the Plea Agreement, to **July 18, 2016**, the date the court rejected the Plea Agreement.

8. While the Defendant's offenses took place in Spokane County and his attorney is based therein, the court has approved of the Defendant being housed pretrial outside of Spokane County. However, in order that trial of this matter not be delayed and in order for defense counsel to adequately prepare for trial, the U.S. Marshal is requested to make every effort to promptly house Defendant in the Spokane County Jail as soon as possible through the conclusion of this matter.

9. As orally ordered, on or before **Monday, July 25, 2016**, the Government shall file and serve its response to Defendant's Status Report, Request for Discovery, and Motion for Brady Material (ECF No. 37).

///
///
///

ORDER - 6

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel and the U.S. Marshal.

Dated July 22, 2016.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 7