FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 16, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FOREST JACOB SHIELDS,<br><br>Defendant. | NO: 2:16-CR-0012-TOR-1<br><br>ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 |

BEFORE THE COURT is Defendant's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 133. The Court has reviewed the record and files herein and is fully informed. Because the files and records of the case conclusively show that Defendant is entitled to no relief, the Government was not ordered to respond. *See* 28 U.S.C. § 2255(b). For the reasons discussed below, the Court **denies** the motion to vacate.

## BACKGROUND

On September 27, 2016, Defendant appeared before the Court and entered a plea of guilty to Count 1 and Count 3 of the Indictment filed on January 20, 2016,

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 1

1 charging him with Possession with Intent to Distribute 50 Grams or more of pure
2 Methamphetamine and Possession of a Firearm in Furtherance of a Drug
3 Trafficking Crime. ECF No. 95. According to the Plea Agreement, Defendant
4 expressly waived his right to file any post-conviction motion attacking his
5 conviction and sentence including a motion pursuant to 28 U.S.C. § 2255, except
6 one based upon ineffective assistance of counsel based on information not known
7 by the Defendant. *Id*. at ¶ 16.

8     A Presentence Investigative Report (PSIR) was prepared in this case. It
9 calculated Defendant's total offense level as 29, with a criminal history category
10 VI, and an advisory guideline imprisonment range as 151 to 188 months. Count 3
11 carried a 5-year mandatory consecutive sentence. According to the PSIR,
12 Defendant accumulated 32 criminal history points that placed him in Category VI
13 Criminal History. Defendant was sentenced to 178-months incarceration as to
14 Count 1 and 60-months incarceration as to Count 3, consecutive.

15     On May 15, 2024, Defendant filed the instant motion seeking resentencing.
16 ECF No. 133. Essentially, Defendant contends that some of his prior convictions
17 were unconstitutional under *State v. Blake*, 197 Wash.2d 170 (2021).

## DISCUSSION

19     The Court finds that the issues raised do not require an evidentiary hearing.
20 *See* Rule 8, Rules—Section 2255 Proceedings. The transcripts, records and

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 2

materials filed in this proceeding adequately document the issues for resolution.

### A. Waiver of Rights to Appeal and File Any Post-Conviction Motion

This Court finds Defendant waived his right to file the instant motion. Defendant expressly waived hi right to file any post-conviction motion attacking his conviction and sentence including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not known by the Defendant. ECF No. 95 at ¶ 16.

Defendant does not base his motion on ineffective assistance of counsel. A defendant's waiver of his rights to appeal and to bring a collateral attack is generally enforced if "(1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *Davies v. Benov*, 856 F.3d 1243, 1246 (9th Cir. 2017) (citation omitted).

### B. Untimeliness of Motion

Defendant brings this motion more than one year after his judgment became final. According to 28 U.S.C § 2255(f)(1), Defendant has missed the deadline. He contends that the Court should allow him additional time but, *State v. Blake* was decided in February of 2021, more than 3-years ago. However, the statute also authorizes filing within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2255(f)(4). In *Johnson v. United States*, the Supreme Court held that

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 3

"the one year period begins when a petitioner receives notice of the order vacating the prior conviction, provided that he has sought it with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence." 544 U.S. 295, 298 (2005). The fact of the state-court order sets "the 1-year period running only if petitioner has shown due diligence in seeking the order." *Id*. at 302. Defendant has not identified any state court order vacating his prior convictions. Defendant's motion is untimely.

### C. Motion to Vacate, Set Aside or Correct Sentence

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges a sentence of incarceration: (1) "that the sentence was imposed in violation of the Constitution of laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). The Supreme Court has repeatedly interpreted this to encompass only errors that constitute a "fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). While the remedy is in

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 4

this sense comprehensive, it does not encompass all claimed errors in conviction and sentencing. *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

A thorough review of Defendant's Presentence Investigation Report shows that each time Defendant was convicted of possession of drugs, he was also convicted of another crime which accumulated criminal history points. Even if the Court were to assume the possession charges had been dismissed, Defendant would still receive enough criminal history points to place him squarely within Criminal History Category VI. Defendant amassed 32 criminal history points and even if the points for drug possession were subtracted, *see* ¶¶ 98, 103, 127, he would still have more than 13 criminal history points.

Whether his prior state drug convictions were counted or not, Defendant faced the same penalty.

Accordingly, Defendant has not established a constitutional violation or other right to relief.

### D. Certificate of Appealability

A petitioner seeking post-conviction relief may appeal a district court's dismissal of the court's final order in a proceeding under 28 U.S.C. § 2255 only after obtaining a certificate of appealability ("COA") from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B). A COA may issue only where the applicant has made "a substantial showing of the denial of a constitutional right." *See id*.

§ 2253(c)(2). To satisfy this standard, the applicant must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

The Court concludes that Defendant is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with this Court's resolution or conclude the issues presented deserve encouragement to proceed further.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 133) is **DENIED**.

2. The Court further certifies that there is no basis upon which to issue a certificate of appealability and the same is **DENIED**. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The District Court Executive is hereby directed to enter this Order and furnish copies to the parties. This file and the corresponding civil file (2:24-CV-0158-TOR) shall be **CLOSED**.

**DATED** May 16, 2024.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 6